UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL LIFE INSURANCE COMPANY, LTD.; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; PRUCO LIFE INSURANCE COMPANY; PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY; PRUDENTIAL ANNUITIES LIFE ASSURANCE CORPORATION; PRUDENTIAL INVESTMENT PORTFOLIOS 2; PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I, L.P.; PRUDENTIAL RETIREMENT INSURANCE & ANNUITY COMPANY; PRUDENTIAL TOTAL RETURN BOND FUND, INC.; THE PRUDENTIAL SERIES FUND; and PRUDENTIAL TRUST COMPANY,<br><br>                          Plaintiffs,<br><br>      v.<br><br>COUNTRYWIDE FINANCIAL CORP.; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE SECURITIES CORP.; CWALT, INC.; CWABS, INC.; CWHEQ INC.; CWMBS, INC.; BANK OF AMERICA CORP.; BANK OF AMERICA, N.A.; NB HOLDINGS CORP.; RBS SECURITIES, INC.; and BARCLAYS CAPITAL, INC.,<br><br>                          Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:  Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2049-B<br><br>**Electronically Filed** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 12 U.S.C. § 632 and 28 U.S.C.

§§ 1441, 1446 and 1452, the defendants that are signatories to this Notice of Removal

(collectively, the "Removing Defendants") hereby remove Case No. L-2049-B from the Superior

Court of New Jersey, Law Division, Essex County, to the United States District Court for the

District of New Jersey (the "Action").[1] In support of this notice, the Removing Defendants state as follows:

1. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b) because the Action is "related to" pending bankruptcy proceedings arising under Title 11 of the United States Code. Accordingly, the Action may be removed pursuant to 28 U.S.C. § 1452(a).

2. This Court has original jurisdiction pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1331, and removal is proper under 12 U.S.C. § 632 and 28 U.S.C. § 1441(a), because the Action is civil in nature, a corporation organized under the laws of the United States is a party, and the Action arises out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries.

I.  **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

3. On or about March 14, 2013, plaintiffs The Prudential Life Insurance Company, LTD.; The Prudential Insurance Company of America; Pruco Life Insurance Company; Pruco Life Insurance Company of New Jersey; Prudential Annuities Life Assurance Corporation; Prudential Investment Portfolios 2; Pru Alpha Fixed Income Opportunity Master Fund I, L.P.; Prudential Retirement Insurance & Annuity Company; Prudential Total Return

---

[1] The Removing Defendants appear for the purpose of removal only and for no other purpose, and do not waive, and expressly preserve, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue, and arbitrability.

Bond Fund, Inc.; The Prudential Series Fund; and Prudential Trust Company (collectively, "Plaintiffs") filed a complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action"). The State Court Action has been assigned Docket No. L-2049-B.

4. In the Complaint, Plaintiffs allege they purchased 64 certificates (the "Certificates") from 41 residential mortgage-backed securities offerings ("Offerings"). (*See* Exhibit A to Complaint.) Plaintiffs allege that the Removing Defendants acted as sponsor, issuer, underwriter, and/or depositor in all of the relevant offerings, or are otherwise liable for the conduct of the defendant entities that served in these roles in the relevant offering. (Complaint ¶¶ 34-49.)

5. Plaintiffs further allege that the Removing Defendants made misrepresentations in the offering materials for the Offerings concerning the residential mortgage-backed securities ("RMBS") and the mortgage loans underlying such RMBS. (Complaint ¶¶ 1-10.)

6. Plaintiffs purport to bring claims of common law fraud, fraudulent inducement, aiding and abetting fraud, equitable fraud, negligent misrepresentation, successor and vicarious liability, intentional fraudulent conveyance, constructive fraudulent conveyance, violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, and violations of the New Jersey Civil RICO statute. (Complaint ¶¶ 684-815.) Plaintiffs seek monetary losses, treble damages, rescission of their purchases of the Certificates, punitive damages, prejudgment interest, costs and attorneys' fees. (Complaint Prayer for Relief.)

7. On March 27, 2013, the Removing Defendants accepted service of the Complaint, reserving all of the Removing Defendants' rights.

8. The Removing Defendants' time to respond to the Summons and Complaint by answer or motion to dismiss has not expired, and no defendant has yet answered, moved, or otherwise appeared in the State Court Action.

9. No motions or other proceedings are pending in the State Court Action.

10. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of receipt by the Removing Defendants of a copy of the Complaint. This notice of removal is timely under 12 U.S.C. § 632 because it is being filed before trial.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 1446

11. Venue is proper in this Court for removal purposes pursuant to 28 U.S.C. § 1446(a) because this Court is "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 110.

12. The Removing Defendants have satisfied all requirements for removal set forth in 28 U.S.C. § 1446:

    a. Attached hereto as Exhibit 1 is a copy of the Summons and Complaint received by the Removing Defendants. The Removing Defendants have received no other process, pleadings, motions or orders in the State Court Action.

    b. The Removing Defendants have filed this Notice of Removal within 30 days after receiving a copy of the Complaint.

      c.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a Notice of Filing of Notice of Removal with the Superior Court of New Jersey, Law Division, Essex County, and serve all parties with a copy of this Notice of Removal.

13.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

14.     This is not a "core" proceeding within the meaning of 28 U.S.C. § 157(b) or Federal Rule of Bankruptcy Procedure 9027.  Defendants do not consent to entry of a final order or judgment by any bankruptcy judge.

## III.    SUBSTANTIVE GROUNDS FOR REMOVAL

### A.    <u>Removal is Proper Based on "Related To" Bankruptcy Jurisdiction</u>

15.     Removal is proper under 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334, in turn, confers jurisdiction upon this Court of all civil proceedings that are "related to cases under title 11" of the U.S. Code *(i.e.,* the Bankruptcy Code).

16.     "Related-to" bankruptcy jurisdiction does not require that any of the parties to this case be in bankruptcy.  *See, e.g.*, *Lone Star Fund V (US.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) ("related to" jurisdiction existed notwithstanding fact that "all parties to this lawsuit are non-debtors").

17. The allegations against the Removing Defendants arise in part from Certificates backed by mortgage loans originated or acquired by entities that are the subject of pending bankruptcy proceedings initiated by the filing of petitions for relief under the United States Bankruptcy Code (the "Bankrupt Originators"). The Removing Defendants acquired these mortgage loans from the Bankrupt Originators and then included them in the mortgage loan pools backing the Certificates. Plaintiff's allegations in this case concern misstatements that allegedly were made regarding the underwriting and characteristics of the mortgage loans backing the Certificates that it bought, including the loans in the pools from the Bankrupt Originators. The Removing Defendants thus have claims against the Bankrupt Originators for indemnification, contribution, and/or other obligations (the "Indemnification Claims") relating to these loans from the Bankrupt Originators that back the Certificates that are the subject of Plaintiffs' allegations in this Action. These Indemnification Claims are based on loan purchase and other agreements with the Bankrupt Originators, which provide indemnification for the benefit of certain Removing Defendants, including but not limited to indemnification arising out of any alleged misstatements or omissions concerning the mortgage loans acquired from the Bankrupt Originators, as well as statutory and common law. The Indemnification Claims include, but are not limited to, claims for defense costs and any judgment or other amounts paid in resolution of this Action. Numerous courts have held that materially indistinguishable indemnification provisions confer "related to" bankruptcy jurisdiction in mortgage-backed securities litigation. *See Lone Star Fund V*, 594 F.3d at 387; *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec, Inc.,* 399 B.R. 119, 123 (Bankr. E.D.N.Y. 2009); *Ann Arbor*

*Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317-319 (E.D.N.Y. 2008); *Stichting Pensioenfonds ABP,* 447 B.R. at 309-11.

18. The aggregate original principal amount of the loans purchased by the Removing Defendants from the Bankrupt Originators and which loans now back the Certificates at issue in this case exceeds $205 million. The Bankrupt Originators include 1st Republic Mortgage Bankers, Inc.; Alliance Bancorp, Inc. (f/k/a United Financial Mortgage Corp.); American Home Mortgage Corporation; Cameron Financial Group, Inc.; ComUnity Lending, Inc.; Fieldstone Mortgage Company; First NLC Financial Services LLC; Home Savings Mortgage (f/d/b/a Quality Mortgage Group); Homebanc Mortgage Corporation; Mountain View Mortgage Company; Premier Mortgage Funding, Inc.; Prime Mortgage Financial; and Southern Star Mortgage Corp. The bankruptcy cases pending as to each of the Bankrupt Originators, including the bankruptcy court in which each case is pending, are set forth in the table below. Copies of the bankruptcy proofs of claim that have been filed in respect of the above proceedings are attached as Exhibits 2-14, as set forth in the table below:

| | |
|---|---|
| *In re 1st Republic Mortgage Bankers, Inc.*, No. 09-72356 (Bankr. E.D.N.Y.) | Exhibit 2 |
| *In re Alliance Bancorp Inc.*, No. 07-10943 (Bankr. D. Del.) | Exhibit 3 |
| *In re American Home Mortgage Corp.,* No. 07-11051 (Bankr. D. Del.) | Exhibit 4 |
| *In re Cameron Financial Group, Inc.*, No. 08-10322 (Bankr. C.D. Cal.) | Exhibit 5 |
| *In re ComUnity Lending, Inc.*, No. 08-50030 (Bankr. N.D. Cal.) | Exhibit 6 |
| *In re Fieldstone Mortgage Company*, No. 07-21814 (Bankr. D. Md.) | Exhibit 7 |
| *In re First NLC Financial Services, LLC*, No. 08-10632 (Bankr. S.D. Fla.) | Exhibit 8 |
| *In re Home Savings Mortgage, et al.*, No. 07-13259 (Bankr. C.D. Cal.) | Exhibit 9 |
| *In re Homebanc Mortgage Corp.*, No. 07-11079 (Bankr. D. Del.) | Exhibit 10 |
| *In re Mountain View Mortgage Co.*, No. 10-21356 (Bankr. D. Nev.) | Exhibit 11 |
| *In re Premier Mortgage Funding, Inc.*, No. 07-05713 (Bankr. M.D. Fla.) | Exhibit 12 |

| | |
|---|---|
| *In re Prime Mortgage Financial, Inc.*, No. 08-40238 (Bankr. D. Mass.) | Exhibit 13 |
| *In re Southern Star Mortgage Corp.*, No. 07-47023 (Bankr. E.D.N.Y.) | Exhibit 14 |

19. On April 8, 2009, 1st Republic Mortgage Bankers filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York, *In re 1st Republic Mortgage Bankers, Inc.*, No. 09-72356.

20. On July 13, 2007, Alliance Bancorp, Inc. (f/k/a United Financial Mortgage Corp.) filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp Inc.*, No. 07-10943.

21. On August 6, 2007, American Home Mortgage Investment Corp. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Corp.*, No. 07-11051.

22. On February 19, 2008, Cameron Financial Group, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Cameron Financial Group, Inc.*, No. 08-10322.

23. On January 4, 2008, ComUnity Lending, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California, *In re ComUnity Lending, Inc.*, No. 08-50030 (CN).

24. On November 23, 2007, Fieldstone Mortgage Co. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, *In re Fieldstone Mortgage* Company, No. 07-21814.

25. On January 18, 2008, First NLC Financial Services LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, *In re First NLC Financial Services,* LLC, No. 08-10632.

26. On September 5, 2007, Home Savings Mortgage filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Home Savings Mortgage*, No. 07-13259.

27. On August 9, 2007, Homebanc Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Homebanc Mortgage Corp.*, No. 07-11079-KJC.

28. On June 18, 2010, Mountain View Mortgage Company filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada, *In re Mountain View Mortgage Co.*, No. 10-21356.

29. On July 3, 2007, Premier Mortgage Funding, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, *In re Premier Mortgage Funding, Inc.*, No. 8:07-BK-05713- CPM.

30. On January 29, 2008, Prime Mortgage Financial filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Massachusetts, *In re Prime Mortgage Financial, Inc.*, No. 08-40238.

31. On December 21, 2007, Southern Star Mortgage Corp. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York, *In re Southern Star Mortgage Corp.*, No. 07-47023.

32. This action "relates to" the Bankrupt Originators' bankruptcy proceedings because the Indemnification Claims owed by the Bankrupt Originators to the Removing Defendants "could conceivably have an effect" upon the distribution of the assets of the Bankrupt Originators or otherwise impact the Bankrupt Originators' "rights, liabilities, options, or freedom of action" in connection with "the handling and administration of the bankrupt estate." *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984); *see also Belcufine v. Aloe*, 112 F.3d 633, 636 (3d Cir. 1997) (federal court had "related to" bankruptcy jurisdiction because defendants had contractual rights of indemnification against the bankrupt employer); *N.J. Dep't of Treasury, Div. of Inv. v. Fuld*, No. Civ. 09-1629, 2009 WL 1810356, at *3-4 (D.N.J. June 25, 2009). Accordingly, this action may be removed pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because it is "related to" several bankruptcy proceedings. *See, e.g.*, *Lone Star Fund V*, 594 F.3d at 386 ("Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'") (quoting *In re TXNB Internal Case,* 483 F.3d 292, 298 (5th Cir. 2007)). [2]

---

[2] Assuming, *arguendo*, that it were necessary for the Removing Defendants to show a "close nexus" to a federal bankruptcy proceeding, which it is not, this case would still be related to the Bankrupt Originators' bankruptcies within the meaning of 28 U.S.C. § 1334(b) because the Removing Defendants' claims against the Bankrupt Originators directly affect the administration of the Bankrupt Originators' bankruptcy proceeding and the amounts available for distribution to creditors in that proceeding. *See, e.g., Stichting Pensioenfonds ABP*, 447 B.R. at 310-11; *Allstate Ins. Co. v. ACE Sec. Corp.*, No. 11 Civ. 1914, 2011 U.S. Dist. LEXIS 91989, at *14-15 (S.D.N.Y. Aug. 17, 2011).

33. Numerous courts have held that materially indistinguishable indemnification provisions confer "related to" bankruptcy jurisdiction in RMBS litigation. *See, e.g.*, *Lone Star Fund V*, 594 F.3d at 387 ("related to" bankruptcy jurisdiction existed where third-party debtor agreed to indemnify RMBS seller "in a variety of circumstances, including any breach of a representation about the mortgages ... and any claims made against [the seller] by third parties"); *Stichting Pensioenfonds ABP*, 447 B.R. at 309-11 ("related to" bankruptcy jurisdiction existed based on mortgage loan purchase agreements between Countrywide Horne Loans, Inc. and American Horne Mortgage Corporation and the very same proof of claim filed by Countrywide Home Loans, Inc. in the bankruptcy proceeding of American Horne Mortgage Corporation); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, No. 2:11-cv-07165-MRP-MAN, slip op. at 3 (C.D. Cal. Nov. 8, 2011) (same: "This Court recently found, on identical facts, that the indemnification rights present in the same Purchase Agreements impact the AHM [*i.e.,* American Horne Mortgage Corporation] bankruptcy estate and therefore provide the basis for federal jurisdiction.") (attached as Exhibit 15); *Mass. Bricklayers,* 399 B.R. at 123 (in action by RMBS purchaser against seller, "related to" bankruptcy jurisdiction existed based on seller's indemnification claims in American Horne Mortgage Corporation bankruptcy); *Ann Arbor Emps.' Ret. Sys.,* 572 F. Supp. 2d at 317-19 (same).

34. Accordingly, because this Action "relates to" the bankruptcy actions described above, it may be removed pursuant to 28 U.S.C. § 1452(a).

B. <u>Removal is Proper Based on the Edge Act</u>

35. The Edge Act provides an independent basis for removal whereby "any defendant in any such suit may, at any time before the trial thereof, remove such suits from a

State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law." 12 U.S.C. § 632. This action is removable pursuant to the Edge Act because one party to the suit is a "corporation organized under the United States" and the litigation involves "international or foreign banking" or "international or foreign financial operations." *Id.*

36. A suit satisfies the international or foreign banking prerequisite of the Edge Act "if any part of [the suit] arises out of transactions involving international or foreign banking." *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 338 (S.D.N.Y. 1996) (internal citation omitted). For example, Edge Act jurisdiction was found in a case in which an investor asserted claims arising from alleged purchases of 359 RMBS where two mortgages underlying a portion of the securities were originated in a foreign territory. *Am. Int'l Grp. Inc. v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 122687, at *8 (S.D.N.Y. Oct 20, 2011).

37. This action satisfies the requirements of the Edge Act. A party to this action, Bank of America, N.A., is a federally chartered bank organized under the laws of the United States. The Action, which is "of a civil nature," includes common law claims made in connection with securities purchased by a foreign counterparty, The Prudential Insurance Life Insurance Company, Ltd. (Compl. ¶ 19 ("The Prudential Life Insurance Company, Ltd. is an insurance company formed under the laws of, and domiciled in Japan, with its principal place of business in Tokyo, Japan.").) Courts have repeatedly held that securities purchases satisfy the requirements of 12 U.S.C. § 632. *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 215 n.13 (S.D.N.Y. 2005) (A stock purchase transaction with a foreign counterparty "satisfies the second requirement for Edge Act jurisdiction as an 'international financial operation'"); *Bin-*

*Jiang Tao v. Citibank, N.A.*, No. 09-56992, 445 F. App'x 951 (9th Cir. 2011) (holding that the term "other international or foreign financial operations" includes transactions such as securities purchases); *Warter v. Boston Sec.*, No. 03-CIV-81026, 2004 WL 691787, at *8 (S.D. Fla. Mar. 22, 2004) ("'International financial operations' includes the sale of securities.").

38. Securities purchased by a Japanese insurance company plainly constitute "international or foreign financial operations" under 12 U.S.C. § 632. *See Stamm v. Barclays Bank of N.Y.*, 960 F. Supp. 724, 728 (S.D.N.Y. 1997) (holding that a securities transaction between a British issuer and American buyers constituted "international or foreign financial operations" for purposes of Section 632); *Travis v. Nat'l City Bank*, 23 F. Supp. 363, 366 (E.D.N.Y. 1938) (holding that a securities transaction between a German issuer and American buyers constituted "international or foreign financial operations" for purposes of Section 632).

39. Furthermore, the offering materials for at least 11 of the Certificates disclose that counterparties to derivative contracts incorporated into the structure of the Offerings were foreign financial institutions, and therefore involve "international or foreign banking" and/or "international or foreign financial operations."[3]

40. Edge Act jurisdiction here is also consistent with the District of New Jersey's recent ruling that Edge Act jurisdiction only applies when the federally chartered entity has an interest in the claim arising out of the transaction involving international or foreign banking. *Prudential Ins. Co. v. J.P. Morgan Sec., LLC*, No. 12-3489, slip op. at 15 (D.N.J. Dec. 20, 2012). Plaintiffs have alleged here that Bank of America, N.A. is liable for all of its claims

---

[3] The offering materials for CWALT 2005-10CB, CWHEL 2006-G, CWL 2004-1, CWL 2004-3, CWL 2005-12, CWL 2006-17, CWL 2006-S3, CWL 2006-S7, CWL 2007-1, CWL 2007-2, and CWL 2007-S1 disclose derivative contracts executed with foreign counterparties.

against the Removing Defendants, including those involving the securities purchased by Prudential's Japanese subsidiary. (*See, e.g.*, Compl. ¶¶ 685, 694, 703, 711, 722, 734, 747 and 764.) Bank of America, N.A. thus has a direct interest in the claims arising out of the foreign banking transactions.

  C. <u>Section 22(a) of the Securities Act Does Not Preclude Removal</u>

    41. Prudential's claims under Sections 11, 12(a)(2) and 15 of the Securities Act do not prevent removal of this action under the "removal bar" found in Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) ("Section 22(a)). Only the general removal statute found in 28 U.S.C. § 1441(a), which expressly exempts claims that are otherwise statutorily barred from removal, is subject to Section 22(a)'s removal bar. *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03-813GLT, 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003). Otherwise, if "a nonremoval provision such as Section 22(a) prevents removal under both Section 1441(a) and Section 1452(a), notwithstanding the phrase 'except as otherwise expressly provided by Act of Congress' in Section 1441(a), that phrase in the general removal statute would serve no apparent purpose" because, according to this reading, Section 22(a) would trump other removal provisions even without this express exception to removal. *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 106-08 (2d Cir. 2004) (brackets omitted) (quoting Section 1441 (a)). Section 22(a) therefore does not prevent removal pursuant to Section 1452(a) or the Edge Act, neither of which expressly carves out external statutory bars on removal. *N.J. Dep't of Treasury, Div. of Inv. v. Fuld*, Civ. No. 09–1629, 2009 WL 1810356, at *2 (D.N.J. June 25, 2009) (permitting removal pursuant to Section 1452(a) notwithstanding Section 22(a) bar).

## IV. EQUITABLE CONSIDERATIONS FURTHER SUPPORT REMOVAL

42. Equitable considerations further support the exercise of federal jurisdiction over this Action. Numerous other, substantially identical cases already are pending against the Removing Defendants in federal court, including cases that have been transferred to a multidistrict litigation proceeding pending in the United States District Court for the Central District of California that was established on August 15, 2011, by the Judicial Panel on Multidistrict Litigation (the "JPML") for cases—such as this one—that concern Countrywide RMBS. The JPML centralized such cases for consolidated or coordinated pre-trial proceedings before the Honorable Mariana Pfaelzer. *See In re Countrywide Mortgage-Backed Sec. Litig.*, MDL No. 2265 (the "Countrywide MDL") (a copy of the JPML's order forming the Countrywide MDL is attached as Exhibit 16). There are currently 34 cases (both putative class actions and individual actions) that have been centralized in the Countrywide MDL. In the present case now being removed, the Removing Defendants intend to file a notice of related action with the JPML pursuant to Rule 7.1(a) of the Rules of Procedure of the JPML, notifying the JPML of this potential "tag-along action" for the purpose of transfer to the Countrywide MDL. There would be great efficiency in coordinating this case with the substantially similar cases already pending in the Countrywide MDL, which weighs heavily in favor of exercising federal jurisdiction.

43. Indeed, Judge Pfaelzer has reached the same conclusion in deciding to exercise federal jurisdiction over cases in the Countrywide MDL and denying motions to remand such cases. A number of the plaintiffs in those cases have asserted state law claims— *e.g.*, *AMF Funds*, *Bank Hapoalim*, *Bankers*, *Bayerische*, *IKB*, *Minnesota Life*, *Principal*,

*Sterling*, *Thrivent*, and *Valley Bank*[4] – just as Plaintiffs do here. The MDL Court has repeatedly reaffirmed that it is fully equipped to resolve such state law claims. *See Dexia Holdings, Inc.*, slip op. at 4-5 ("The state law claims . . . present no unsettled or difficult legal issues that would militate in favor of remand. . . . [T]his case would benefit from coordination with the other Countrywide RMBS [i.e., residential MBS] suits currently pending before the Court."; denying remand motion); *Stichting Pensioenfonds ABP*, 447 B.R. at 312 ("There are no unsettled or difficult issues of state law that weigh in favor of remand."; denying remand motion); *Fed. Housing Fin. Agency v. Countrywide Fin. Corp.*, No. 12-CV-01059, slip op. at 1 (C.D. Cal. Apr. 5, 2012) ("The Court finds that bankruptcy related-to jurisdiction is appropriate, and equitable remand inappropriate, for the same reasons set out in *Stichting*."; denying remand motion) (attached as Exhibit 17); *Franklin Bank.*, slip op. at 8 ("Applying *Stichting*, the Court finds equitable remand inappropriate"; denying remand motion). Moreover, Judge Pfaelzer has in fact already resolved similar state law claims, deciding motions to dismiss in the *AIG*, *Allstate*, *American Fidelity*, *Bank Hapoalim*, *Bankers*, *Dexia*, *FHFA*, *Minnesota Life*, *National*

---

[4] *Asset Mgmt. Fund, et al. v. Bank of America Corp.,* No. 12-CV-04775-MRP (MANx) (C.D. Cal.) ("*AMF Funds*"); *Bank Hapoalim B.M. v. Bank of America Corp.,* No. 12-CV-04316-MRP (MANx) (C.D. Cal.) ("*Bank Hapoalim*"); *Bankers Ins. Co., et al. v. Countrywide Fin. Corp.*, No. 11-CV-07152-MRP (MANx) (C.D. Cal.) ("*Bankers*"); *Bayerische Landesbank, New York Branch v. Countrywide Fin. Corp.*, No. 12-CV-05236-MRP (MANx) (C.D. Cal.) ("*Bayerische*"); *IKB Int'l, et al. v. Bank of America Corp.*, No. 12-CV-06151-MRP (MANx) (C.D. Cal.) ("*IKB*"); *Minnesota Life Ins. Co., et al. v. Countrywide Fin. Corp.*, No. 12-CV-06149-MRP (MANx) (C.D. Cal.) ("*Minnesota Life*"); *Principal Life Ins. Co., et al. v. Bank of America Corp.*, No. 12-CV-04317-MRP (MANx) (C.D. Cal.) ("*Principal*"); *Sterling Federal Bank, F.S.B. v. Countrywide Fin. Corp.*, No. 11-CV-07163-MRP (MANx) (C.D. Cal.) ("*Sterling*"); *Thrivent Fin. for Lutherans, et al. v. Countrywide Fin. Corp.*, No. 11-CV-07154-MRP (MANx) (C.D. Cal.) (*Thrivent*"); *Valley Bank, et al. v. Countrywide Fin. Corp.*, No. 11-CV-09516-MRP (MANx) (C.D. Cal.) ("*Valley Bank*").

*Integrity*, *Principal*, *Sealink*, *Sterling*, *Stichting*, *Thrivent*, *Valley Bank*, and *Western & Southern*[5] cases centralized before her as part of the Countrywide MDL.

**WHEREFORE**, for the reasons set forth above, defendants remove this action from the Superior Court of the State of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Dated:     March 28, 2013

ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(917) 618-9100

*Attorneys for Defendants Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWABS, Inc., CWHEQ, Inc., and CWMBS, Inc.*

By /s/ Philip S. Rosen
   Philip S. Rosen (N.J. Bar No. 022361992)
   prosen@zeklaw.com

**OF COUNSEL:**

Adam S. Hakki (*pro hac vice* application forthcoming)

---

[5] *American Int'l Grp., Inc., et al. v. Bank of America Corp.,* No. 11-CV-10549-MRP (MANx) (C.D. Cal.) ("*AIG*"); *Allstate Ins. Co., et al. v. Countrywide Fin. Corp.*, No. 11-CV-05236-MRP (MANx) (C.D. Cal.) ("*Allstate*"); *American Fidelity Assurance Co. v. Countrywide Fin. Corp.*, No. 11-CV-07167-MRP (MANx) (C.D. Cal.) ("*American Fidelity*"); *Dexia Holdings, Inc., et al. v. Countrywide Fin. Corp.*, No. 11-CV-07165-MRP (MANx) (C.D. Cal.) ("*Dexia*"); *Fed. Hous. Fin. Agency, as conservator for the Fed. Nat'l Mortg. Ass'n v. Countrywide Fin. Corp.*, No. 12-CV-01059-MRP (MANx) (C.D. Cal.) ("*FHFA*"); *Nat'l Integrity Life Ins. Co. v. Countrywide Fin. Corp.*, No. 11-CV-09889-MRP (MANx) ("*National Integrity*"); *Sealink Funding Ltd. v. Countrywide Fin. Corp.*, No. 11-CV-08896-MRP (MANx) ("*Sealink*"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, No. 10-CV-07275-MRP (MANx) (C.D. Cal.) ("*Stichting*"); *Western & Southern Life Ins. Co. v. Countrywide Fin. Corp.*, No. 11-CV-07166-MRP (MANx) (C.D. Cal.) ("*Western & Southern*").

Daniel C. Lewis (*pro hac vice* application forthcoming)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Tel:  (212) 848-4000
Fax:  (646) 848-4000
ahakki@shearman.com
daniel.lewis@shearman.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 28, 2013, the foregoing Notice of Removal was served

upon counsel for Plaintiffs by email and Federal Express to:

David W. Field
Zachary D. Rosenbaum
Thomas E. Redburn, Jr.
Jennifer L. Fiorica
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
dfield@lowenstein.com
zrosenbaum@lowenstein.com
tredburn@lowenstein.com
jfiorica@lowenstein.com

Daniel Brockett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010-1601
danbrockett@quinnemanuel.com

               /s/ Philip S. Rosen
               Philip S. Rosen